IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNCENSORED AI, INC., a Delaware corporation;<br><br>Plaintiff,<br><br>vs.<br><br>UNCENSORED.COM, NOFILTERGPT, INC., NASTIA CYBERNETICS, SAS, VENICE AI, INC., FREEDOMGPT, INC., UNCENSOREDAI.IO, AP SOFTWARE, LTD., HENRY FORDIN KATU 5, CLINT NEILSON, CHAT UNCENSORED, INC., ERIC VORHEES, PERPLEXITY AI, INC., and START ENGINE CROWDFUNDING, INC.,<br><br>Defendants. | **8:25CV40**<br><br>**ORDER TO SHOW CAUSE** |

On November 7, 2025, the court entered an order requiring Plaintiff to show cause why its claims against various defendants should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or for want of prosecution. Filing No. 78. Plaintiff filed a timely response in which he moves to voluntarily dismiss various unserved defendants with the exception of Venice AI, Inc. and Uncensordai.io. Filing No. 82. Plaintiff contends these two defendants were successfully served on October 15, 2025. Neither defendant has filed a responsive pleading or otherwise appeared.

A review of the docket illustrates that the summons returned executed upon defendant Uncensoredai.io was stricken by the Court on November 17, 2025, as the summons purportedly served on Uncensoredai.io was not issued by the Court. Filing No. 76. Similarly, Plaintiff filed a summons returned executed upon defendant Venice AI, Inc. Filing No. 79. The Court again struck the filing as the summons purportedly served on Venice AI, Inc. was not issued by the Court. Filing No. 80. That same day, Plaintiff filed a second summons returned executed upon Venice AI, Inc. purporting to illustrate service on October 15, 2025. Filing No. 81.

A review of Filing No. 81 illustrates that the first page of the document is the summons for Venice AI, Inc. issued on July 16, 2025,[1] and the second page is proof of service alleging proof of service on October 15, 2025. But the summons issued on July 16, 2025 was returned by Plaintiff as unexecuted on September 22, 2025. Filing No. 69[2], 72. Thereafter, Plaintiff requested a new summons for Venice AI, Inc. altering the suite number in which to serve Venice AI, Inc. Filing No. 73. The Court issued the new summons on September 30, 2025. Filing No. 74.

Based on the filings currently before the Court, it is not clear that Plaintiff delivered a copy of the court-issued summons and complaint to Uncensoredai.io or Venice AI, Inc., at what address they were served, and if service complied with Fed. R. Civ. P. 4.

Accordingly,

---

[1] The first page of the document, the summons, includes the Court's docket stamp at the top of the page reflecting it was Filing No. 47. The second page of the document, the proof of service, does not include the Court's docket stamp. Thus, it appears the first page was later simply affixed to the second.

[2] This document contains a summons that is not issued by the Court and appears to be a copy of the summons plaintiff thereafter requests. However, as only a single summons was issued by the Court at that time, the only summons to be returned as unexecuted was the summons issued on July 16, 2025.

IT IS ORDERED that plaintiff shall have until December 17, 2025 to illustrate the validity of service on Uncensoredai.io and Venice AI, Inc. and amend the proof of service, if necessary. The failure to timely comply with this order may result in the undersigned recommending the dismissal of the claims against these Defendants without further notice.

Dated this 3rd day of December, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge