IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNCENSORED AI, INC., a Delaware corporation;<br><br>Plaintiff,<br><br>vs.<br><br>VENICE AI, INC., UNCENSOREDAI.IO, PERPLEXITY AI, INC., and STARTENGINE CROWDFUNDING, INC.,<br><br>Defendants. | **8:25CV40**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant Perplexity AI, Inc.'s (hereinafter "Perplexity") motion to dismiss. Filing No. 60.  Perplexity contends that this Court lacks personal jurisdiction over it pursuant to Fed. R. Civ. P. 12(b)(2); the District of Nebraska is an improper venue for Plaintiff's claims against Perplexity pursuant to Fed. R. Civ. P. 12(b)(3); this Court lacks subject matter jurisdiction over Plaintiff's claims against Perplexity pursuant to Fed. R. Civ. P. 12(b)(1); the Amended Complaint fails to state a claim against Perplexity under Fed. R. Civ. P. 12(b)(6); and Perplexity is improperly joined as a defendant under Fed. R. Civ. P. 20(a)(2) and 21.  The Plaintiff also filed a motion for reconsideration, Filing No. 88, of the Magistrate Judge's Findings and Recommendations. In view of the decision of this Court, the Court will deny that motion as moot.

Also before the Court is defendant StartEngine Crowdfunding, Inc.'s (hereinafter "StartEngine") motion to dismiss the Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b).  Filing No. 33.  StartEngine moves in accordance with Fed. R. Civ. P. 12(b)(1), (2), (5), and (6), to dismiss Plaintiff's Amended Complaint against it for lack of personal jurisdiction over StartEngine, failure to serve the summons upon

1

StartEngine,[1] and lack of subject matter jurisdiction over this dispute, as well as for failure to state a claim for which relief can be granted.  StartEngine is a company organized under the laws of Delaware with its principal place of business in California.  Filing No. 35-1 at 2, ¶ 5. StartEngine does not operate and has no knowledge of the existence of any entity known as StartEngine Inc.  *Id.* at ¶ 6.

Plaintiff Uncensored AI, Inc. (hereinafter "Uncensored" or "Plaintiff"), sued Defendants for (1) "tortious interference with actual and prospective business relationships and contracts," (2) "unjust enrichment and misappropriation," (3) "trademark infringement/Lanham Act violation," and (4) violation of the "Uniform Deceptive Trade Practices Act; Nebraska Deceptive Trade Practices Act 87-302" ("NUDTPA").  Filing No. 30, Amended Complaint.[2]

Plaintiff contends that AP Software is infringing on its trademark,[3] causing likely confusion among users and in the marketplace and in the AI chatbot industry. Uncensored contends that such confusion damaged its reputation in that AP Software is producing AI pornography in violation of deceptive trade practices in violation of Nebraska and federal law.  Filing No. 30 at 2.  Plaintiff contends that AP software "[m]anufactures, produces, publishes, distributes, monetizes, promotes, or otherwise makes publicly available any visual depiction of sexually explicit conduct, any obscene material, or any material that is harmful to minors in which any person depicted as a participant or observer" without consent.  *Id.* at 3.

---

[1] The Court notes that the Summons was served and properly executed.  *See* Filing No. 53.

[2] Because the Court finds no personal jurisdiction in this case, the Court will not decide any of the state law claims or address the subject matter jurisdiction issue.

[3] AP Software has been dismissed from this case.  Uncensored AI Image Generator & AI Chat, whose website is uncensoredai.io is owned by AP Software, Ltd., Henry Fordin Katu 5 (together "AP Software"). Filing No. 87.

**BACKGROUND**

Plaintiff Uncensored is registered as a Delaware corporation. Plaintiff alleges it registered its name and word mark including the phrase "Uncensored AI" with the United States Patent and Trademark Office on February 11, 2023. The Trademark Office determined that the name being trademarked, Uncensored AI, did not have sufficient definitiveness so as to permit granting a trademark. Defendant Perplexity is a corporation also registered with the secretary of state of the state of Delaware. Defendant StartEngine is a corporation registered with the secretary of state for the state of Delaware.

On October 24, 2024, StartEngine allegedly contracted with Plaintiff, a Nebraska headquartered company based in Omaha, Douglas County, Nebraska.

According to StartEngine:

> StartEngine provides technology in the form of an online crowdfunding platform (i.e. a website) service, based out of California. Crowdfunding is "the practice of obtaining needed funding (as for a new business) by soliciting contributions from a large number of people especially from the online community." As a crowdfunding platform, StartEngine acts as an intermediary that connects start-up business with investors who provide funding for the start-up business. Nothing on StartEngine's website mentions Nebraska or serving Nebraska start-ups. StartEngine does not specifically direct its advertising to Nebraska start-ups or investors. No representative of StartEngine has ever travelled to Nebraska to meet with Plaintiff in regards to the services sold by StartEngine. StartEngine is not presently, and has never been, licensed to do business in the State of Nebraska. StartEngine has never sought any qualification to conduct business within this State.

Filing No. 34 at 7 (internal citations omitted).

Perplexity contends that it "develops cutting-edge AI-powered technology and is best known for its free search and answer engine that uses AI to deliver easily digestible answers to a limitless range of questions asked by everyday internet users." Filing No.

3

61 at 9–10. Perplexity states it is a privately held company; and it has never sold stock to StartEngine. *Id.* Most of its employees are based in California, including the senior leadership team and engineers; and Perplexity states it has no employees, offices, or bank accounts in Nebraska. *Id.* at 10. There might be a few random customers in Nebraska, but Perplexity does not undertake any specific sales or marketing in Nebraska.

StartEngine also argues, as does Perplexity, that Uncensored did not secure a registration mark for "UNCENSORED AI." *See* Filing No. 35-2, Final Action Letter.

**LEGAL STANDARDS**

a. Personal Jurisdiction

When personal jurisdiction is challenged, "the plaintiff bears the burden to show that jurisdiction exists," and that burden "does not shift" to the defendant. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). To carry its burden, Uncensored "must make a prima facie showing of personal jurisdiction" over Defendants that "must be tested, not by the pleadings alone, but by affidavits and exhibits." *Id.* "[T]there must be a substantial connection between [the defendant's] contacts and the operative facts of the litigation . . .." *Hand Cut Steaks Acquisitions, Inc. v. Lone Star Steakhouse & Saloon of Nebraska, Inc.*, 905 N.W.2d 644 (Neb. 2018); *Nimmer v. Giga Ent. Media, Inc.*, 905 N.W.2d 523 (Neb. 2018). Nebraska uses a "sliding scale" analysis to determine whether a Nebraska court has personal jurisdiction based upon a company's website. *Wheelbarger v. Detroit Diesel ECM, LLC*, 983 N.W.2d 134 (Neb. 2023).

The Nebraska Supreme Court has likewise confirmed that issuance of invoices and payment of fees to a party in Nebraska, as well as telephone and email communications with said party are, alone, insufficient to establish the necessary

minimum contacts with the State of Nebraska. *RFD-TV, LLC v. WildOpenWest Fin., LLC*, 849 N.W.2d 107 (Neb. 2014).

**DISCUSSION**

Perplexity and StartEngine argue that the Court should dismiss all four claims against them. They ask the Court to take judicial notice of: (1) Uncensored's trademark application, Application No. 97790815; and note that the PTO's online files "are proper subjects of judicial notice." *Sleep Number Corp. v. Young*, 33 F.4th 1012, 1019 n.2 (8th Cir. 2022) (taking judicial notice of patent applications); (2) trademark search records from the PTO; other than Uncensored's Application No. 97790815 (which the PTO rejected), there are no other trademark applications or registrations for the UNCENSORED AI mark. Filing No. 62-4. These search records, argues Perplexity and StartEngine, are part of the PTO's online files and thus are "proper subjects of judicial notice." *Sleep Number*, 33 F.4th at 1019. And (3) a webpage from StartEngine's website. Filing No. 62-5.

Judicial notice is warranted if "the dispute here arises out of [Defendants'] conduct on this website," such that "the Complaint necessarily embraces the website." *WinRed, Inc v. Ellison*, 581 F. Supp. 3d 1152, 1167 n.9 (D. Minn. 2022). The Amended Complaint necessarily embraces StartEngine's website because Uncensored alleges that "Perplexity proceeded to sell stock in itself to StartEngine anyway and to allow StartEngine to promote Perplexity on StartEngine's front page to StartEngine's top AI investors and venture capital funds." Filing No. 30 at 6, ¶ 18; *see WinRed*, 581 F. Supp. 3d at 1167. The Court has reviewed the documents and will take judicial notice of these requests.

5

a. Personal Jurisdiction

Perplexity and StartEngine contend that its principal place of business is in California, and that it maintains its products in San Francisco, California. Perplexity also states it markets its products around the world and has very few contacts with Nebraska. As the United States Supreme Court explained:

> The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.

*Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cnty.*, 480 U.S. 102, 112 (1987).

StartEngine further states:

> StartEngine did not have a contract with Plaintiff. Plaintiff had a contract with StartEngine's subsidiaries: StartEngine Primary LLC and StartEngine Secure, LLC, both of which are Delaware Companies whose principle [sic] places of business are in California (hereinafter "Subsidiaries"). Said contract was entered into on or about October 24, 2024. Further, StartEngine contends that it has not ever had an office in, maintained real or personal property in, conducted sales or services in, had a bank account in, or sent representatives to conduct business in Nebraska. Between Plaintiff and Subsidiaries, all communications were done via telephone, email, chats, or text messages with individuals who worked and resided in states other than Nebraska. Plaintiff paid no fees to StartEngine or its Subsidiaries as a result of the aforementioned transaction.

Filing No. 34 at 7 (internal citations omitted).

There are two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017).

6

"General jurisdiction over a defendant, also known as all-purpose jurisdiction, allows a court to hear any claim involving that defendant." *Higgins v. Kentucky Sports Radio LLC*, No. 8:17CV367, 2018 WL 318460 (D. Neb. Jan. 5, 2018), at *4 (D. Neb. Jan. 5, 2018). "Specific jurisdiction, also known as case-linked jurisdiction, only gives a court jurisdiction over cases resulting from the defendant's contacts with the forum." *Id.* Courts apply "a five-factor test to evaluate whether a defendant's actions are sufficient to support personal jurisdiction: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) [the state's] interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *Id.* (alteration in original). The Court "may look beyond the pleadings to determine whether personal jurisdiction exists, including reviewing affidavits and other exhibits." *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 951 (8th Cir. 2022).

"General jurisdiction exists where a defendant is essentially at home in the forum state." *Bros & Sisters in Christ,* 42 F.4th at 952. A corporation is "at home" in its place of incorporation and principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Perplexity and StartEngine both argue that they are incorporated in Delaware—not Nebraska. Perplexity is also headquartered in California—not Nebraska. Perplexity has no employees in Nebraska, "is not registered to do business in Nebraska, and does not have any offices, inventory, bank accounts, real estate, or personal property in Nebraska." *First Aid Cellular LLC v. We Fix It Cellular Repair*, No. 8:14CV253, 2014 WL 5590815 (D. Neb. Nov. 3, 2014), at *3 (D. Neb. Nov. 3, 2014) (finding no general jurisdiction over defendant accused of infringing Nebraska entity's trademark online).

As for specific jurisdiction, for Nebraska "to exercise jurisdiction consistent with due process," defendants' "suit-related conduct must create a substantial connection with [Nebraska]," which "means that the relationship must arise out of contacts that [Perplexity] creates with the [Nebraska]." *Fastpath, Inc.*, 760 F.3d at 821. That requires Uncensored to show that Defendants "purposely directed [their] activities" at Nebraska and that Uncensored's claims arise "out of or relate[] to those activities." *Johnson v. Arden*, 614 F.3d 785, 795 (8th Cir. 2010). Defendants contend that these contacts are, at most, "random, fortuitous, and attenuated contacts with Nebraska" that are legally insufficient for personal jurisdiction over Defendants. *See*, *e.g.*, *Abdouch v. Lopez*, 829 N.W.2d 662 (Neb. 2013) ("limited Internet sales" to Nebraska insufficient). "Placement of [an] advertisement online . . . directed at the entire world" and not "expressly aim[ed] at" Nebraska do not support personal jurisdiction. *Fastpath, Inc.*, 760 F.3d at 824 (fact that website "may have reached potential Iowa customers" did not support personal jurisdiction).

Where a party alleges intentional torts, the *Calder* test is "an additional factor to consider when evaluating [Perplexity's] relevant contacts with [Nebraska]." *Johnson*, 614 F.3d at 796. Under *Calder*, specific jurisdiction is proper only if Uncensored shows that Perplexity's actions "(1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered—and which [Perplexity] knew was likely to be suffered—in [Nebraska]." *Straka v. Clement*, No. 8:24CV24, 2024 WL 5158786 (D. Neb. Dec. 17, 2024), at *2 (D. Neb. Dec. 17, 2024). Perplexity and StartEngine argue that the only connection to Nebraska is that the allegedly injured party (Uncensored) is headquartered in Nebraska. *See*, *e.g.*, *Straka*,

8

2024 WL 5158786, at *4 (finding no personal jurisdiction where "Plaintiffs themselves appear to be the only connection between defendants and the forum state").

Uncensored, on the other hand, argues that Perplexity admits in its brief in support of the motion to dismiss that it "markets [its products] to users around the world to ensure everyone has access to useful information." Filing No. 61 at 8. Uncensored contends this is sufficient to establish minimum contacts and personal jurisdiction. However, this is not sufficient to establish personal jurisdiction.

The Court must determine, first, whether the long-arm statute is satisfied, and if the long-arm statute is satisfied, second, whether minimum contacts exist between the defendant and the forum state for personal jurisdiction over the defendant without offending due process. *Brunkhardt v. Mountain W. Farm Bureau Mut. Ins. Co.*, 691 N.W.2d 147 (Neb. 2005). Nebraska's long-arm statute, Neb. Rev. Stat. § 25-536, extends Nebraska's jurisdiction over nonresidents having any contact with or maintaining any relation to this state as far as the U.S. Constitution permits. *Erickson v. U-Haul Int'l, Inc.*, 738 N.W.2d 453 (Neb. 2007). "A court may exercise personal jurisdiction over a person: (1) who acts directly or by an agent, as to a cause of action arising from the person . . . (a) transacts any business in this state; (b) contracts to supply services or things in this state; . . . (d) Causes tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state." Neb. Rev. Stat. § 25-536; *Brunkhardt*, 691 N.W.2d 147,

The Court finds as follows: Plaintiff's complaint alleges that StartEngine and Perplexity colluded to promote Perplexity, which was a direct competitor during

9

Uncensored's crowdfunding campaign.  This is a conclusory allegation with no basis in fact.  The analysis comes down to minimum contacts by defendants purposefully availing themselves of the privilege of doing business in that state.  The activities alleged are insufficient to support a claim for minimum contacts, and the allegations evidence no intentional activities in Nebraska.  These allegations are conclusory, and there is no evidence offered to support personal jurisdiction over these two defendants.  There are no allegations of direct actions, but only conclusions regarding personal jurisdiction over these two defendants in Nebraska.  There are no business transactions in Nebraska; no tortious injury by either defendant in Nebraska; no defendant who does regular business in Nebraska; and very little, if any, revenue generated in Nebraska.  The contacts, even as alleged, are unrelated to Nebraska.  Simply put, there is no substantial connection between Plaintiff and Defendants and the activities they undertook.  Accordingly, the Court finds there is no personal jurisdiction over StartEngine Crowdfunding, Inc. or Perplexity AI, Inc.

THEREFORE, IT IS ORDERED THAT:

1. StartEngine Crowdfunding, Inc.'s Motion to Dismiss, Filing No. 33, is granted.

2. Perplexity AI, Inc.'s Motion to Dismiss, Filing No. 60, is granted.

3. Uncensored AI, Inc.'s Motion for Reconsideration, Filing No. 88, is denied as moot.

4. This case is dismissed against StartEngine Crowdfunding, Inc. and Perplexity AI, Inc.

Dated this 30th day of March, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

10