IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNCENSORED AI, INC.<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br><br>VENICE AI, INC. et al.<br><br>　　　　　　Defendants. | **8:25CV40**<br><br><br>**FINDINGS AND RECOMMENDATION** |

This matter comes before the Court after review of the docket. The only defendants who have not been dismissed are Venice AI, Inc. and Uncensoredai.io. *See* Filing Nos. 87 and 90. Plaintiff has now moved for Clerks' Entry of Default against these defendants. Filing Nos. 91 and 92. Prior to Plaintiff's current motions, this Court entered an order requiring Plaintiff to show cause illustrating the validity of service on Venice AI, Inc. and Uncensoredai.io and an order to show cause why the claims against these defendants should not be dismissed for lack of prosecution. Filing Nos. 83 and 89.

The Court now *sua sponte* reviews the purported service on Venice AI, Inc. and Uncensoredai.io. On December 16, 2026, Plaintiff filed two certificates of service – one for each respective defendant. Filing Nos. 85 and 86. Plaintiff's service returns assert service of process was perfected on both Defendants at 1309 Coffeen Avenue, Sheridan, Wyoming. Venice AI, Inc.'s summons was addressed to suite 1200, while Uncensoredai.io's summons was addressed to suite 17591. Both returns were signed by Saige Wood, "Found Tech LLC Registered Agent", on October 15, 2025.

1

After review, the Court is unconvinced that Venice AI, Inc. or Uncensoredai.io have been properly served with notice of this action. Rule 4(h) of the Federal Rules of Civil Procedure provides that a corporation, partnership, or association may be served by:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant;

Fed. R. Civ. P. 4(h). Under Nebraska law, a corporation may be served by personal, residence, certified mail, or designated delivery service upon any officer, director, managing agent, or registered agent, or by leaving the process at the corporation's registered office with a person employed therein, or by certified mail or designated delivery service to the corporation's registered office. Neb. Rev. Stat. § 25-509.01. Similarly, under Wyoming procedure, the state in which Plaintiff is attempting to serve Defendants, a corporation[1] may be served by delivering copies to any officer, manager, general agent, or agent for process. Wyo. R. Civ. P. 4(h)(2).

Plaintiff appears to have attempted service by serving a copy of the summons and complaint on an individual designated by law to accept service of process or by delivering process to the corporation's registered office with a person employed therein. *See* Filing Nos. 85 and 86 (service returns). However, the service return indicates the individual who accepted service, Saige Wood, is a

---

[1] It is unclear the alleged business structure of Uncensoredai.io. However, after a review of both Nebraska and Wyoming service rules, Plaintiff has also failed to serve Uncensoredai.io as a partnership or other unincorporated association. *See* Neb. Rev. Stat. § 25-512.01; Wyo. R. Civ. P. 4(h)(1).

registered agent for Found Tech LLC[2] not Venice AI, Inc. or Uncensoredai.io. A review of the Wyoming Secretary of State website[3] illustrates that Saige Wood is not the registered agent or an officer or director for Venice AI. *See* State of Wyoming Secretary of State, Business Division, Venice AI, Filing Information, https://wyobiz.wyo.gov/business/FilingDetails.aspx?eFNum=0391851091391902 540272311372162310001034225118183 (last accessed April 13, 2026). A search for Uncensoredai.io yielded no results. This is perhaps because, as alleged by Plaintiff, uncensoredai.io is a *website* owned by "AP Software, Ltd., Henry Fordin Katu 5." Filing No. 30 at 2. Both AP Software, Ltd. and Henry Fordin Katu 5 were named defendants who were dismissed by this Court on December 19, 2025. Filing No. 87.

Thus, the record does not establish that Venice AI, Inc. or Uncensoredai.io were properly served or otherwise received adequate notice of this lawsuit. Plaintiff was given the opportunity to correct service issues beginning in November 2025. *See* Filing No. 78. Plaintiff was again alerted to possible service issues of these defendants in December 2025. Filing No. 83. At this time, it has been over a year since this lawsuit was filed, and Plaintiff has still not perfected service nor has it shown good cause for failing to do so. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . .")

---

[2] A review of the Wyoming Secretary of State website illustrates that Found Tech LLC is a register limited liability company with its principal office at 1309 Coffeen Avenue, Suite 17591, Sheridan, Wyoming. The listed registered agent is Company Sage Agents LLC and is located at a different address. Moreover, Found Tech LLC was registered on May 21, 2025, which is after the original complaint naming Venice AI, Inc. and Uncensoredai.io was filed. *See* Filing No. 1 (Complaint filed on February 3, 2025).

[3] The Court takes judicial notice of the Wyoming Secretary of State's website. *See Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789, 793 (8th Cir. 2016) (recognizing the authority of a court to take judicial notice of government websites).

Accordingly,

IT IS RECOMMENDED to the Honorable Joseph F. Bataillon, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b), that the claims against Venice AI, Inc. and Uncensoredai.io be dismissed for want of prosecution.


Dated this 13th day of April, 2026.

BY THE COURT:


*s/ Jacqueline M. DeLuca*

United States Magistrate Judge